19-624-cr
*United States v. Mitchell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April , two thousand twenty.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

---

United States,

> *Appellee*,

> v.                                                                           19-624

Naomi Mitchell,

> *Defendant-Appellant.*

---

FOR APPELLE:                    NICHOLAS J. MOSCOW, (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    ABRAHAM RUBERT-SCHEWEL, (Susan G. Kellman, *on the brief*), Law Offices of Susan G. Kellman, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Naomi Mitchell, a former mail carrier, appeals from her judgment of conviction following a jury trial for a single count of delay or destruction of the mail as a United States Postal Employee, in violation of 17 U.S.C. § 1703(a).   On appeal, Mitchell contends that the district court's supplemental jury instructions regarding the definition of "mistake" were plainly erroneous because the instructions were (1) based on the facts of the case and (2) presumed Mitchell's guilt.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This appeal concerns supplemental instructions regarding the definition of "mistake."   In instructing the jury on the *mens rea* necessary to violate § 1703(a), the

2

district court told the jury that it was required to find that Mitchell "intentionally secreted, destroyed, or delayed" mail "knowing it belong to someone else," but could not convict Mitchell if it found that she did so "by mistake or without realizing what she was doing." Gov. App'x 134. During deliberations, the jury asked the district court to "clarify the difference between mistake and intention as it relates to the statute in question." Gov. App'x 138. The district court, after consultation with the parties, instructed the jury that:

> Mistake is defined in a law dictionary in part as an error or a misunderstanding. So in the context of this case, for example, a mistake would be if the defendant believed she had delivered all the mail but had accidentally or unknowingly left some mail behind. A mistake does not mean well, I know I did something wrong and I'm sorry. That's not the mistake in the context of that in the jury instruction.

Gov. App'x 142. It further provided the jury with the definition of knowingly.

As an initial matter, we find that Mitchell waived her right to challenge the jury instructions on appeal. As we explained in *United States v. Polouizzi*, waiver "is the 'intentional relinquishment or abandonment of a known right,' . . . which permanently extinguishes the right to raise the claim." 564 F.3d 142, 153 (2d Cir. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). By contrast, forfeiture "results from a failure to assert the claim in a timely fashion, and . . . does not prevent an appellate court from reviewing the claim for plain error." *Id.* During deliberations, the district court shared its proposed supplemental instructions with the parties, and defense counsel responded

3

that it "adequately defined [mistake] and gave [the jury] the appropriate example;" counsel requested only that the court also provide the definition of knowingly, which it agreed to do. Gov. App'x 138–39. When the district court again repeated the proposed instructions, defense counsel confirmed they were "fine;" suggested a minor change, which the district court accepted; and told the district court that it was "right in terms of what our defense is." Gov. App'x 140. "In these circumstances, by agreeing that the instruction was satisfactory, [Mitchell] waived the right to challenge the instruction on appeal." *Polouizzi*, 564 F.3d 142, 153.

Even on the merits, however, Mitchell's argument would fail. We view supplemental jury instructions in the context of the instructions as a whole. *United States v. Daugerdas*, 837 F.3d 212, 228 (2d Cir. 2016). Jury instructions are erroneous if they "mislead the jury as to the correct legal standard or do not adequately inform the jury of the law." *Id.* (quoting *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir. 2001)). Had Mitchell not waived her right to appeal, we would review for plain error. *See United States v. Vilar*, 729 F.3d 62, 70 (2d Cir. 2016); Fed. R. Crim. P. 52(b). Under this standard, Mitchell would be required to show "(1) there is an error; (2) the error is clear and obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public

4

reputation of judicial proceedings." *United States v. Veliz*, 800 F.3d 63, 72 (2d Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Here, the district court's instructions were not erroneous under any standard.

Mitchell argues that the supplemental jury instructions included a hypothetical that improperly relied on the facts of the case. While as a general matter "the choice of an example too close or analogous to the facts of the case on trial is likely to be more prejudicial than 'helpful' and is quite unnecessary when other clearly non-prejudicial examples are available," *United States v. Gleason*, 616 F.2d 2, 14 (2d Cir. 1979), we have never imposed a *per se* bar on referencing the facts of the case in jury instructions. Instead, we have found instructions problematic where, for example, they use the facts of the case to suggest that certain circumstantial evidence supported the charge at issue. *See United States v. Gaggi*, 811 F.2d 47, 62–63 (2d Cir. 1987); *Gleason*, 616 F.2d at 13–14; *United States v. Dizdar*, 581 F.2d 1031, 1037 (2d Cir. 1978).

In any event, the examples here simply clarified what could and could not legally constitute a "mistake." The examples in the instruction were particularly helpful in light of testimony from a law enforcement witness that Mitchell admitted holding the mail was a "mistake" – which defense counsel contended meant she was "not doing it deliberately," Gov. App'x 79, but which the government suggested reflected Mitchell's knowledge "she was not supposed to do it," Gov. App'x 81. Since it is undisputed that

the latter interpretation would not constitute a legal defense in this context, the use of relevant factual examples in the jury instructions in this case was by no means "more prejudicial than helpful." *Gaggi*, 811 F.2d at 62. Accordingly, the instructions were not erroneous.

Mitchell nevertheless relies on *United States v. Dove*, 916 F.2d 41 (2d Cir. 1990), to argue that the jury instructions improperly presumed Mitchell's guilt. But the instructions here are quite unlike those in *Dove*, where we found that the district court's use of a hypothetical regarding "whether Jack shot Mary" to describe the difference between circumstantial and direct evidence was improper because it presumed Jack's guilt, which "may have led the jury to discount the circumstantial evidence" that he was innocent. *Id.* at 45–46. The jury instructions here surely did not "presume" Mitchell's *guilt*, and in fact encouraged the jury to find her *not* guilty should it find that Mitchell accidentally or unknowingly left mail behind. Put simply, the district court's exculpatory and non-exculpatory examples "adequately communicated the essential ideas to the jury" and in no way prejudiced Mitchell. *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotations and citations omitted). Accordingly, even if Mitchell had not waived her challenge to the jury instructions, she has identified no error, let alone plain error, that would merit reversal.

6

We have reviewed the remainder of Mitchell's arguments and find them to be without merit.   For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court